UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 22-20175-CR-ALTONAGA

UNITED STATES OF AMERICA
    Plaintiff,

v.

ENRIQUE BOVER,
    Defendant.
_____/

## ENRIQUE BOVER SENTENCING MEMORANDUM

ENRIQUE BOVER ("Bover"), through undersigned counsel, respectfully submits this Sentencing Memorandum, pursuant to 18 U.S.C. § 3553(a), and the dictates of *United States v. Booker*, 543 U.S. 220 (2005) and its progeny. In support hereof, Mr. Bover submits the following:

### INTRODUCTION

According to the Pre-Sentence Investigation report, and based upon a total calculated offense level of 21 and a criminal history category of IV, the guideline imprisonment range is 57 to 71 months. Count III, Aggravated Identify Theft carried a mandatory a term of imprisonment of two years that run consecutively to any other term of imprisonment.

Mr. Bover is facing additional sentences due to the supervised release Rviolation in 98-CR-109 and 12-CR-20946, where he faces a guideline sentence of

37-46 and 18-24 respectively.

Mr. Bover respectfully suggests that sentence of eighty one months (81) is sufficient and appropriate, but not greater than necessary for the case at bar.

Specific Characteristics of Mr. Bover

Mr. Bover is a 64 year old man. Mr. Bover suffers from Type II diabetes. Currently he reports that his eyesight is getting worse as part of the complications from diabetes. A driving factor in Mr. Bover's behavior is his addiction to gambling. This Court can fashion a sentence that would provide Mr. Bover with counseling for his addiction.

The Government's proposed sentence of 151 does not serve the goals and purposes of 18 USCS § 3553 and is purely punitive in nature.

## Memorandum of Law

In imposing a sentence "sufficient, but not greater than necessary" the district court must consider the nature and circumstances of the offense, the history and characteristic of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statement of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *United States v. Campo*, 695 Fed .Appx. 453, 458 (11th Cir. 2017).

Mr. Bover acknowledges that this Court has the discretion to run the sentences consecutively, however, Mr. Bover respectfully suggests that a sentence of eighty-one months (81) is sufficient. Mr. Bover's guideline sentence calculation already includes additional points for his criminal history and past misconducts.

## CONCLUSION

This Court should not run the sentences consecutively, and sentence Mr. Bover to eighty one months (81).

Respectfully submitted,

_____/s/_____
Gustavo J. García-Montes, Esq.
Counsel for Defendant
2233 Brickell Ave. Suite A-1
Miami, Fl. 33129
Tel: (305) 666-2880
Fl. Bar No.: 986320

I HEREBY CERTIFY that on this Sunday, February 26, 2023 I electronically filed the foregoing with the Clerk of the Court through its CM/ECF system which will send a notice of electronic filing to all parties of record.

By:_____/s/_____
Gustavo J. García-Montes, Esq.