UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20175-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**ENRIQUE BOVER**,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** came before the Court on Defendant, Enrique Bover's Motion for Sentence Reduction Pursuant to 18 U.S.C. [Section] 3582(c)(2) and Amendment 821 (Part A) [ECF No. 80], filed on April 15, 2024. Defendant relies on Amendment 821 of the United States Sentencing Guidelines, "which alters the assignment of criminal history 'status points'" under the Sentencing Guidelines. (Mot. ¶ 5). The Government filed a Response [ECF No. 81] in opposition. The Court has carefully considered the parties' written submissions, the record, and applicable law.

*Standards.*

A motion to reduce an otherwise final sentence under 18 U.S.C. section 3582(c)(2) "is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (quotation marks omitted). Applicable here, 18 U.S.C. section 3582(c)(2), states that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* (alterations added).

Under section 3582(c)(2), then, the Court undertakes a two-step process in evaluating a motion for a sentence reduction. First, the Court determines whether a defendant is eligible for relief under section 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010). Again, the statute authorizes relief only if a retroactive amendment to the Sentencing Guidelines lowers a defendant's applicable Sentencing Guidelines range and relief is consistent with applicable policy statements. *See id.*; *see also* U.S.S.G. § 1B1.10(a)(1) (defendants are eligible for a sentence reduction only where "the guideline range applicable to that defendant has subsequently been lowered").

Second, if a defendant is eligible for relief under section 3582(c)(2), the Court must determine whether she will exercise discretion to reduce a defendant's sentence after considering the section 3553(a) factors. *See Dillon*, 560 U.S. at 827. Those factors are: the nature and circumstances of the offense and a defendant's history and characteristics; the need for the sentence to accomplish certain aims, such as reflecting the seriousness of the offense, affording adequate deterrence, protecting the public, or meeting the defendant's educational, medical, or correctional treatment needs; the kinds of sentences available; the applicable sentencing range under the Guidelines; any Sentencing Commission policy statement; the need to avoid unwarranted disparities among defendants; and the need to provide restitution to any victim. *See* 18 U.S.C. § 3553(a). In addition, the Court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment[.]" U.S.S.G. § 1B1.10, cmt. n.1(B)(ii) (alteration added).

The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10(a)(1), provides:

2

> [i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. [section] 3582(c)(2).

*Id.* (alterations added).

*Discussion.*

The Government concedes that "Defendant appears eligible for a reduction," and the Court agrees. (Resp. 11; *see also id.* 10–11).[1] Nonetheless, the Government argues the Court should not exercise its discretion to reduce Defendant's sentence in light of the section 3553(a) factors. (*See id.* 11–13). Again, the Court agrees.

"When it comes to weighing the [section] 3553(a) factors, the district court enjoys great discretion." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (alteration added; citation omitted). The Court and the parties are well aware of the relevant facts; the Court does not repeat them here. Suffice it to say that Defendant has a long history of criminal activity. (*See* Resp. 5–8). Beginning in 1984, Defendant was federally indicted five times, and each time, upon release from prison, he quickly returned to engaging in criminal conduct. (*See id.*). In 2022, after his sixth indictment, he pleaded guilty to a count of possession with intent to distribute a controlled substance and a count of aggravated identity theft. (*See id.* 2–3; Plea Agreement [ECF No. 55]). He was sentenced to 151 months — the sentence he now seeks to have reduced. (*See* Resp. 5; Notice Correction of Sentence Computation [ECF No. 82]). When imposing the sentence, the Court noted the remarkable and unprecedented nature of Defendant's criminal history. (*See* Sentencing Tr. [ECF No. 77] 12:21–14:10).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings. Citations to hearing transcripts rely on the pagination and line numbering in the original document.

Defendant's extensive and consistent pattern of returning to criminal activity weighs heavily against a reduction. Certainly, reducing Defendant's sentence would not adequately account for the circumstances and history of his offenses; nor would a reduction reflect the seriousness of his most recent offense, deter him or others from future crime, or protect the public. *See* 18 U.S.C. § 3553(a). Defendant does not point to any educational, medical, or correctional treatment needs; alternative sentences; Sentencing Commission policy statement; potentially disparate sentences; or need for restitution that weigh in his favor. (*See generally* Mot.); 18 U.S.C. § 3553(a).[2] The fact that Defendant has completed several courses while incarcerated does not outweigh the many factors militating against a reduction, especially considering Defendant completed courses while serving his prior sentences and continued recidivating. (*See* Mot. 2; Resp. 13).

Being fully advised, it is

**ORDERED AND ADJUDGED** that Defendant, Enrique Bover's Motion for Sentence Reduction Pursuant to 18 U.S.C. [Section] 3582(c)(2) and Amendment 821 (Part A) **[ECF No. 80]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 8th day of May, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[2] The Court does not reach the issue of whether, as the Government argues, it "can and should consider" the Supreme Court's recent decision in *Pulsifer v. United States*, 601 U.S. ---,144 S. Ct. 718 (2024) when determining the Guidelines range relevant to the section 3553(a) analysis. (Resp. 12). The Guidelines range is just one factor to be considered under section 3553(a). *See* 18 U.S.C. § 3553(a). Here, the range — even if construed in Defendant's favor — is simply not enough to overcome the many factors weighing against a reduction.